Johnson J.
delivered the opinion of the Court.
There cannot be a doubt, that the judgment against Bobo, in slander, was the chose in action of the wife. The wrong, on which the action was founded, was done to her ; and1 the action would have survived to her, if she had survived her husband, but not to the husband if he had survived her. If after judgment, the wife had died, the husband surviving, according to the common law, the judgment would have survived to him, upoij the principle, as Judge íteeve thinks, of the jus accrescendi of joint tenants; and therefore, where, asan this State, tbejws accrescendi is taken away by statute, the legal representatives of the wife, and not the husband, would be intitlod to it. Reeve’s Dom. Rel. 20 — 1. This judgment was, therefore, as much the chose xo action of the wife, as if it had been founded on any other cause of action accruing to her during coverture.
*479 In settling the proceeds of this judgment upon his wife, the defendant did no more than Equity would have compelled him to do, if .that Court had had possession of the fund. The wife has in her choses in action, and indeed in every other right accruing to her during coverture,'what is technically called an equity, of which that Court will not divest her, without seeing that she is provided for, even as between herself and her husband ; and surely'the husband may be permitted to do voluntarily, what Equity would have compelled him to do. Nor is there any principle, which places the claims of the creditors of the husband upon higher grounds than his own. In Mitford v. Mitford, 9 Ves. 99, it is said by the Master of the Rolls, Sir William Grant, in relation to the claims of the assignees of a bankrupt, that the assignment to them of the bankrupt’s effects, like every other assignment by operation of law, passes the rights of tho bankrupt, precisely in the same plight and condition as he possessed them, and subject, therefore, to all the equities of his wife. That case bears a strong analogy to this in another particular. There, a legacy to the wife had been given up to the husband, on an agreement that he should- place it out at interest, and receive the interest himself for life, and afterwards the wife for life ; the principal, after her death, to go to their children : and in a contest between the wife and the assignees of the husband, who had become bankrupt and died, it was held, that this was not a reduction into possession by the husbuud, and that the right survived to the wife. The case of Glaister v. Hewer, 8 Ves. 195, proceeds on the same principle.
We are therefore of opinion, that the issue directed was immaterial, and that, although the assignment of the judgment by the husband, was intended to prevent his creditors getting possession of the fund, yet it is binding on them. The order directing the sheriff to pay over the money collected on it, to the plaintiff, is therefore ieversed.
Motion granted.